**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. JKB-24-00155** |
| | **:** | |
| **WILLIAM BERNDT,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**CONSENT MOTION TO EXCLUDE TIME
PURSUANT TO THE SPEEDY TRIAL ACT**

The United States of America, by and through undersigned counsel, respectfully moves this Court to exclude time from the Speedy Trial computation pursuant to 18 U.S.C. § 3161(h)(7)(A), and states as follows:

**BACKGROUND**

1. On May 9, 2024, a federal Grand Jury returned a one-count Indictment against William Berndt (the "Defendant" or "Mr. Berndt") for possession of firearms and ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1). *See* ECF No. 1.

2. On June 11, 2024, Assistant Federal Public Defender Jonathan Kalman Hettleman entered an appearance on behalf of Mr. Berndt. ECF No. 4. On June 17, 2024, Mr. Berndt had his Initial Appearance before United States Magistrate Judge Adam B. Abelson, who released Mr. Berndt with conditions with no objection from the Government.

3. Mr. Berndt's case was originally indicted on May 12, 2021, as Criminal Case No. JKB-21-164. That case was dismissed without prejudice on April 29, 2024. *See* JKB-21-164, ECF Nos. 56-57. Mr. Berndt was, as here, represented by the Office of the Federal Public Defender. As part of Criminal Case No. JKB-21-164, the Government made multiple discovery

1

productions to counsel for Mr. Berndt, and production of discovery in that case was largely complete.  The Government has now reproduced all of that discovery to counsel for Mr. Berndt.

4.      The Government is seeking additional time to determine if this case can be resolved short of trial before scheduling a trial in this matter, including by engaging in plea negotiations. Excluding time will allow counsel to discuss, *inter alia*, whether the Parties need to set motions hearing and trial dates or whether resolution of this case via a plea agreement is appropriate.

5.      Accordingly, the United States now seeks a tolling of the Speedy Trial clock for the period from **May 29, 2026, through and including July 13 2026.**

### LEGAL STANDARD

6.      The Speedy Trial Act requires a trial to begin within seventy days of indictment or initial appearance, whichever occurs later, and entitles the defendant to dismissal of the charges (with or without prejudice) if that deadline is not met.  18 U.S.C. § 3161(c)(1); 18 U.S.C. § 3162(a)(2).  Certain periods of time are excluded from this computation, however.  18 U.S.C. § 3161(h).  Some periods of time are automatically excluded, including periods of delay resulting from the absence or unavailability of the defendant or an essential witness, while other periods of time are excluded only when a judge continues a trial and finds, on the record, that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(3)(A), (h)(7)(A).

7.      Although 18 U.S.C. § 3161(h)(1) enumerates specific excludable proceedings, including delay resulting from any pretrial motion, the list is not exhaustive.  *See* 18 U.S.C. §3161(h)(1) (excluding from computation "[a]ny period of delay resulting from other proceedings concerning the defendant . . .").  That section has been interpreted to encompass a number of different proceedings and events concerning defendants.  *See United States v. Hart*, No. 20-4534,

2024 WL 271125, at *4 (4th Cir. Jan. 25, 2024) (quoting and citing *United States v. Keith*, 42 F.3d 234, 237 (4th Cir. 1994) and *United States v. Henry*, 538 F.3d 300, 303–04 (4th Cir. 2008)).

8.      Although the Court of Appeals for the Fourth Circuit has clarified that time spent engaging in plea negotiations is not automatically excluded under the Speedy Trial Act, a number of courts have held that continuances to permit additional time for plea negotiations are proper under § 3161(h)(7)—the provision of the Speedy Trial Act authorizing continuances where doing so will serve "the ends of justice." *Hart*, No. 20-4534, 2024 WL 271125, at *4; *see, e.g.*, *United States v. Fabian*, 798 F. Supp. 2d 647, 673 (D. Md. 2011) ("[A]n 'ends of justice' exclusion is intended to cover any of various circumstances, including where . . . the government and the defendant are engaged in ongoing plea negotiations.") (citations omitted); *United States v. Fields*, 39 F.3d 439, 445 (3d Cir. 1994) ("Nothing in the language of 18 U.S.C. § 3161(h)(8) suggests that an 'ends of justice' continuance may not be granted for this purpose. . . . In current federal practice, plea negotiations play a vital role.  We therefore see no reason why an 'ends of justice' continuance may not be granted in appropriate circumstances to permit plea negotiations to continue.").  As long as such periods of delay are supported by findings that the ends of justice they serve outweigh the best interest of the public and the defendant in a speedy trial, they are excludable.  *Hart*, No. 20-4534, 2024 WL 271125, at *4.

9.      The Supreme Court has emphasized that 18 U.S.C. § 3161(h)(7)(A) "counteract[s]substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a continued case. *Zedner v. United States*, 547 U.S. 489, 500 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" 18 U.S.C. § 3161(h)(7)(A).  *Id.* at 507.  Similarly, the Speedy Trial Act requires that, in granting an ends-of-justice continuance, "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends

3

of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

## ARGUMENT

10.    Here, the Government requests that the period from **May 29, 2026, through and including July 13 2026**, be excluded from computation under the Speedy Trial Act based upon the specific circumstances of this case.

11.    In this case, there are several circumstances making an exclusion of time under the Speedy Trial Act appropriate.  Because Mr. Berndt's case was originally indicted on May 12, 2021, and he has been represented by the Office of the Federal Public Defender since then, counsel for Mr. Berndt has access to and/or has reviewed discovery produced in this case.  The Government has now reproduced all of that discovery to counsel for Mr. Berndt.  Excluding time will allow counsel to discuss resolution of this case via a plea agreement.  The interests of justice would be served by allowing the Parties time to engage in meaningful plea negotiations to determine if this case will be resolved short of trial before scheduling a trial.  If the Parties do not resolve the case, the requested time will allow the defense to consider possible pretrial motions, for the Parties to determine whether setting motions hearing and trial dates is appropriate, and for this Court to potentially schedule a motions hearing.  Affording time for those matters serves the ends of justice and outweighs the Defendant's and the public's interests in a speedy trial.  *See* 18 U.S.C. § 3161(h)(7).

12.    Counsel for the Defendant consents to the requested exclusion of time.

13.    Based on the foregoing, the Court should enter a case-specific order finding that the period from **May 29, 2026, through July 13 2026**, inclusive, is excluded from computation under 18 U.S.C. § 3161.  However, nothing in the Court's order should preclude a finding that

other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.

14.     A proposed order for the Court's consideration is attached.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

_____/s/_____

Keelan F. Diana
Special Assistant United States Attorney
United States Attorney's Office
36 South Charles Street, Fourth Floor
Baltimore, Maryland 21201
Telephone: (410) 209-4800
Email: Keelan.Diana@usdoj.gov